UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN HENDERSON,

                      **Plaintiff,**

v.                                                    16-CV-785V(Sr)

RITE AID OF NEW YORK, INC.,
RITE AID CORPORATION,
TIM MATTHEWS, and
DAVID SEELMAN,

                      **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #13.

Plaintiff commenced this action seeking damages for a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 *et seq*. ("ADEA"), and New York Executive Law § 290 *et seq*. ("Human Rights Law"), alleging that she was wrongfully terminated from her employment with defendant Rite Aid of New York, Inc. Dkt. #1. Rite Aid Corporation is named in the complaint as the "parent corporation" of Rite Aid of New York, Inc. Dkt. #1.

Currently before the Court is a motion to quash plaintiff's Notice of Deposition of Rite Aid Corporation, to compel plaintiff to identify with particularity the topics upon which Rite Aid of New York, Inc., will be deposed, and to award defendants reasonable attorney's fees. Dkt. #26.

On January 25, 2017, plaintiff served Notices of Deposition on Rite Aid Corporation and Rite Aid of New York, Inc., seeking to depose a representative "with respect to all matters relevant to the subject matter involved in this action." Dkt. #26-2, pp.26 & 29.

By letter dated February 28, 2017, defense counsel asked plaintiff to withdraw the Notice of Deposition to Rite Aid Corporation because "[t]here are no employees of Rite Aid Corporation, so we have no one to produce." Dkt. #26-2, p.42.

By letter dated March 17, 2017, defense counsel repeated that plaintiff's

> notices include a deposition for an entity that has no employees. Rite Aid Corporation has no employees so there is no one to produce on their behalf. . . .
>
> . . . If you want an Affidavit or Declaration on the issue of Rite Aid Corporation, [sic] having no employees, we can obtain such a Declaration from our client.

Dkt. #26-2, p.47.

By letter dated April 6, 2017, defense counsel reiterated that

> as previously informed, there are no employees of Rite Aid Corporation ("RAC"), thus there is no one to produce for a deposition. Moreover, RAC has no involvement with respect to your client's employment. I am attaching a copy of an Affidavit filed in another matter addressing the same issue. Please advise if you will voluntarily withdraw the Complaint, as against RAC. If not, we will have no choice but to file a Motion to Dismiss as against RAC, as well as a Motion to Quash the deposition notice.

Dkt. #26-2, p.51. The affidavit, from the Vice President of the Tax Department of Rite Aid Hdqtrs. Corp., affirms that Rite Aid Corporation "is a holding company organized in

the State of Delaware" which "has no employees in any state."  Dkt. #26-2, p.53.

Defense counsel also advised that the deposition notice of Rite Aid of New York, Inc.

> fails to comply with the Federal Rules in that it does not specify the following: Rule 30(b)(6) requires that any notice directed to an organization "must describe with reasonable particularity the matters for examination."  We are unable to designate any person to testify on their behalf without this information.  However, as mentioned above, if you would like the HR representative who recommended termination, Amy Clark, she is available on May 31st for deposition.  If you would like us to produce Amy Clark to testify about the termination and human resources policies, please revise your Notice of [D]eposition accordingly, or confirm in writing the scope of the deposition.  If there are other areas for which you would like a witness produce, please let us know.

Dkt. #26-2, p.51.

> By letter dated May 4, 2017, plaintiff's counsel advised that
>
> we will not agree to let Rite Aid Corporation out as it appears that they are a separate corporation acting in concert on a national basis in this age discrimination nationwide [sic] and not just here.  We will expect a party deposition from each defendant.

Dkt. #26-2, p.56.

> By letter date May 11, 2017, defense counsel advised
>
> that we will be filing a Motion to Quash with respect to Rite-Aid Corporation given your correspondence. . . .
>
> Last, please note that until you comply with rule 30(b)(6) as we previously advised, we are unable to produce a representative of Rite Aid of New York, Inc.  As indicated above, we can produce Ms. Clark as the HR representative; however, you need to confirm that she is sufficient as the representative that you want Defendants to produce, as well as the subjects of her testimony.

Dkt. #26-2, p.58.

-3-

> By letter dated June 1, 2017, defense counsel advised that
>
>> until you comply with Rule 30(b)(6) as we previously advised, we are unable to produce a representative of Rite Aid of New York, Inc. for deposition. We are willing to produce Ms. Clark as the HR representative; however, you still need to confirm that she is sufficient as the representative, as well as the subject of her testimony.
>>
>> Finally, please confirm that Ms. Henderson will be available to be deposed at our offices on June 28, 2017. As stated in our previous letter, Mr. Seelman and Ms. Clark are available on July 25 and July 26 for their respective depositions. Ms. Clark will be available subject to your correction of the deposition notice previously served.
>>
>> This is our good faith attempt to confer prior to involving the court with motion practice. Please advise when we can expect Plaintiff's outstanding discovery responses and confirm the dates for Plaintiff's deposition.

Dkt. #26-2, p.60.

Defense counsel filed the motion to quash on June 5, 2017. In support of the motion, the Vice President of the Tax Department of Rite Aid Hdqtrs. Corp. affirms that:

> 4. Rite Aid Corporation ("RAC") is incorporated in Delaware, and maintains its principal place of business in Harrisburg, Pennsylvania. Rite Aid Corporation is a holding company for various Rite Aid-related entities. It has no employees nor does it promulgate employment policies.
>
> 5. Plaintiff was employed by Defendant Rite Aid of New York, Inc. at all times throughout the course of her employment.
>
> 6. RAC has no employees in any state and is not related to Plaintiff's employment in any way. Rite Aide Corporation does not issue personnel policies nor does it exercise any domination or control of Rite Aid of New York, Inc. Further,

> because RAC has no employees, it could not exercise any
> supervisory responsibility over Plaintiff's work or any
> influence over her terms or conditions of employment.

Dkt. #26-3. Rite Aid Corporation argues that the motion to quash the deposition notice should be granted because "it has no unique personal knowledge that is relevant to Plaintiff's individual claims of discrimination" and plaintiff "offers no specific allegations in the Complaint against RAC and she fails to describe even the topics for deposition, which demonstrates that any attempt to depose this entity is solely to harass and unduly burden Defendants." Dkt. #26-4, pp.6-7.

In response to the motion, plaintiff's counsel attaches Securities and Exchange Commission filings for Rite Aid Corporation and argues that it makes no sense that a corporation operating more than 4,000 stores cannot produce someone for a deposition. Dkt. #30.

In reply, defense counsel argues that plaintiff's response does not challenge its declaration that Rite Aid Corporation "is a holding company with no employees and no unique personal knowledge that is relevant to this action." Dkt. #31, p.3. Defense counsel reiterates that plaintiff's complaint offers no specific allegations against Rite Aid Corporation and that plaintiff's employment relationship was with Rite Aid of New York, Inc., not Rite Aid Corporation. Dkt. #31, pp.3-4. Finally, defense counsel notes that plaintiff's counsel continues to fail to identify any topics upon which it would depose representatives of Rite Aid Corporation. Dkt. #31, p.4. In light of plaintiff's counsel's refusal to withdraw its deposition notice of Rite Aid Corporation and

its refusal to clarify the topics upon which defendants' representatives would be deposed, defendants seeks reimbursement of the costs of this motion. Dkt. #31, p.6.

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that deposition notices to corporations "must describe with reasonable particularity the matter for examination." "The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the corporation would be best able to provide the information sought." *Innomeds Labs, LLC v. Alza Corp.,* 211 F.R.D. 237, 240 (S.D.N.Y. 2002). Plaintiff's notices of deposition to both Rite Aid Corporation of New York Inc. and Rite Aid Corporation clearly fail to meet this standard. Accordingly, the deposition notices are quashed without prejudice to service of an sufficiently particularized notice of deposition upon Rite Aid Corporation of New York, Inc.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Moreover, Rule 26(c) of the Federal

Rules of Civil Procedure provides that the Court may, for good cause shown, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense with respect to a demand for discovery. In reliance upon Rite Aid Corporation's affidavit and in the absence of any allegations in the complaint or motion papers suggesting that Rite Aid Corporation possesses any information relevant to plaintiff's allegations of age discrimination, the Court grants the motion for a protective order precluding deposition of Rite Aid Corporation.

Having been afforded numerous opportunities to particularize relevant deposition topics for the corporate entities, and having failed to meaningfully engage with defense counsel to address the legitimate issues related to the deposition notices, the Court agrees that plaintiff's counsel should be required to pay defendants the reasonable expenses incurred in bringing this motion before the Court, including attorney's fees. If the parties are unable to agree as to a reasonable award, defense counsel shall submit an affidavit detailing the hours expended on this motion and justification for counsel's hourly rate no later than **August 25, 2017.**

**SO ORDERED.**

DATED:    Buffalo, New York
              July 10, 2017

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**