UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN HENDERSON,

       Plaintiff,

v.

                16-CV-785V(Sr)

RITE AID OF NEW YORK, INC.,
RITE AID CORPORATION,
TIM MATTHEWS, and
DAVID SEELMAN,

       Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #13.

Plaintiff commenced this action seeking damages for a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 *et seq*. ("ADEA"), and New York Executive Law § 290 *et seq*. ("Human Rights Law"), alleging that she was wrongfully terminated from her employment with defendant Rite Aid of New York, Inc. Dkt. #1. Rite Aid Corporation is named in the complaint as the "parent corporation" of Rite Aid of New York, Inc. Dkt. #1.

On July 17, 2017, the Court granted defendants' motion to quash plaintiff's Notice of Deposition of Rite Aid of New York, Inc., granted Rite Aid Corporation's motion for a protective order and awarded defendants reasonable attorney's fees. Dkt. #32.

On August 25, 2017, defendants submitted their application for $11,247.50 for attorneys' fees and $13.61 for costs, a total of $11,261.11. Dkt. #34.

In response, plaintiff moves for reconsideration. Dkt. #36.

Reconsideration

Although a motion for reconsideration may be granted for any reason that justifies relief, Fed. R. Civ. P. 60(b)(6), such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation omitted), *cert. denied*, 569 U.S. 918 (2013). A motion for reconsideration will generally be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013). The decision to grant or deny such a motion lies with the sound discretion of the court. *American Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 451 (W.D.N.Y. 2005).

Plaintiff has failed to demonstrate that reconsideration is warranted with respect to the Court's determination to quash plaintiff's Notice of Deposition of Rite Aid of New York, Inc. and granted Rite Aid Corporation's motion for a protective order. To the extent that plaintiff disbelieves defendants' affirmation that Rite Aid Corporation has

no employees to submit to deposition, the Court afforded plaintiff the ability to serve a sufficiently particularized deposition notice upon Rite Aid Corporation of New York, Inc. to depose someone with knowledge of the corporate structure of the Rite Aid entities. Dkt. #32, p.6. Moreover, defendants repeatedly offered the deposition testimony of Amy Clark, Human Resources District Manager at Rite Aid Hdqtrs Corp., who recommended plaintiff's termination. Dkt. #26-2, pp.51, 58 & 60.

The motion for reconsideration is granted with respect to the Court's determination to award attorney's fees. The Court has considered plaintiff's arguments in opposition to such fees (Dkt. # ¶¶ 10-12), but upon such consideration continues to find an award of attorney's fees appropriate. Fees were awarded in accordance with Fed. R. Civ. P. 26(c) and 37(a)(5) because of plaintiff's counsel's repeated refusal to particularize relevant deposition topics for the corporate defendants and failure to engage in a meaningful discussion with defense counsel about the topics which plaintiff sought deposition testimony, thereby necessitating the unnecessary expenditure of time and resources by both defense counsel and Court.

Award of Attorneys' Fees

The calculation of a presumptively reasonable attorney's fee is generally governed by the lodestar approach, which requires the Court to multiply "the number of hours reasonably expended" by a "reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *See Perdue v. Kenny A.,* 559 U.S. 542, 551 (2010) (lodestar approach has "become the guiding light of our fee-shifting jurisprudence."). In order to properly assess whether hours were reasonably expended, the application should

include "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). "Hours that are excessive, redundant, or otherwise unnecessary are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id.* (internal quotations and citations omitted). A reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); See *Townsend v. Benjamin Enterprises, Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (determination of reasonably hourly rate contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill within the district). "[T]rial courts enjoy considerable discretion in determining the appropriate amount of attorney fees." *Weitzman*, 98 F.3d 717, 720 (2d Cir. 1996).

Lead counsel, a shareholder in the Rochester office of Littler Mendelson P.C. specializing in labor and employment litigation; a Senior Associate in the Rochester office; and a shareholder in the Pittsburgh office who manages the relationship with Rite Aid, bill at a blended hourly rate of $320. Dkt. #34, ¶¶ 9-11 & 13. A paralegal with 25 years of experience bills at an hourly rate of $205. Dkt. #34, ¶¶ 12-13. However, upon review of other fee applications in this district, defense counsel request a reduced hourly rate of $300 for Shareholders, $250 for Senior Associate and $75 for paralegal time. Dkt. #34, ¶ 14. Having reviewed their respective online profiles,

the Court finds these rates reasonable. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (reasonable rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.").

However, the Court finds that defendants seek attorneys' fees beyond the scope of the award set forth in it's order, *to wit*, "reasonable expenses incurred in bringing this motion before the Court." Dkt. #32, p.7. For example, defendants seek fees for review of the initial deposition notices, as well as scheduling and research regarding the appropriate location of such depositions, correspondence regarding supplemental production of documents relating to benefit and salary information and the preparation of a pending motion to dismiss. Because these issues are often incorporated into billing entries pertaining to the motion to quash, and because some entries suggest excessive overlap between Shareholders and Senior Associate, the Court exercises its discretion to award 4 hours of Shareholder time, 12 hours of Senior Associate time and 2.5 hours of paralegal time for a total award of $4,387.50, to be paid by plaintiff's attorney.

**SO ORDERED.**

DATED:    Buffalo, New York
              January 23, 2018

   *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**