UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN HENDERSON,

       **Plaintiff,**

v.                16-CV-785V(Sr)

RITE AID OF NEW YORK, INC.,
RITE AID CORPORATION,
TIM MATTHEWS, and
DAVID SEELMAN,

       **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #13.

Plaintiff commenced this action seeking damages for a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 *et seq*. ("ADEA"), and New York Executive Law § 290 *et seq*. ("Human Rights Law"), alleging that she was wrongfully terminated from her employment with defendant Rite Aid of New York, Inc. Dkt. #1.

Currently before the Court are motions raising a variety of discovery issues. Dkt. ##40, 43 and 47. For the following reasons, the motions are granted in part and denied in part.

## FACTUAL BACKGROUND

By Order entered July 10, 2017, the Court granted defendants' motion to quash the subpoena to Rite Aid Corporation of New York Inc. without prejudice to service of a sufficiently particularized notice of deposition; granted a protective order precluding the 30(b)(6) deposition of Rite Aid Corporation; and directed plaintiff's attorney to pay defendants the reasonable expenses incurred in bringing the motion, including attorney's fees. Dkt. #32.

By letter dated September 15, 2017, defense counsel inquired as to when plaintiff's attorney might provide outstanding discovery responses, noting that plaintiff's deposition could not go forward without receipt of such discovery responses. Dkt. #40-2, p.2.

Plaintiff served interrogatory responses on September 15, 2017. Dkt. #47-14, p.6.

By letter dated September 19, 2017, defense counsel advised that plaintiff's deposition would need to be rescheduled because of plaintiff's inadequate interrogatory responses and failure to respond to document demands. Dkt. #40-2, p.6.

Plaintiff responded to defendants' document demands on September 22, 2017. Dkt. #40-2, p.8.

By letter dated September 25, 2017, defense counsel objected to plaintiff's failure to provide authorizations and failure to indicate which of 700 documents, none of which were Bates stamped, were responsive to specific document demands. Dkt. #40-2, p.10. Defense counsel agreed to October 20, 2017 as the date for plaintiff's deposition. Dkt. #40-2, p.11.

By letter dated September 25, 2017, plaintiff's attorney complained that defendants refused to go forward with plaintiff's deposition on September 26, 2017, even though plaintiff served interrogatory responses on September 15, 2017 and document discovery on September 22, 2017. Dkt. #47-14, p.6.

By letter dated October 4, 2017, defense counsel sought authorizations for release of unemployment insurance records, workers' compensation records, medical records and psychotherapy records. Dkt. #40-2, p.15 & Dkt. #42-5, pp.7-14. Defense counsel also requested a privilege log for documents withheld by plaintiff's attorney as privileged and challenged plaintiff's objections to multiple document demands. Dkt. #40-2, p.17. Defense counsel confirmed plaintiff's deposition on October 20, 2017, provided that plaintiff supplemented discovery responses prior to the deposition. Dkt. #40-2, p.17. Defense counsel advised that the deposition of Amy Clark, the Human Resources Manager who recommended plaintiff's termination, would not be rescheduled because plaintiff's counsel declined to go forward with her deposition on October 3, 2017, despite their agreement and Ms. Clark's availability. Dkt. #40-2, pp.17-18.

By letter dated October 6, 2017, plaintiff's attorney provided defense counsel with authorizations to obtain records from 177 companies to whom plaintiff had applied for employment, as well as an authorization to obtain plaintiff's unemployment records. Dkt. #40-2, pp.20-22. A representative authorization, signed by plaintiff, dated October 5, 2017, provides as follows:

> Susan Henderson worked at Rite Aid for 13 years and was fired along with dozens of other pharmacists over 40 and was replaced with young, mainly inexperienced pharmacists, even as supervising pharmacists. Susan Henderson has a claim against Rite Aid for wrongful termination based on age discrimination.
>
> Rite Aid's counsel requested this authorization as Susan Henderson applied for a job at your office.
>
> You have permission, if needed, to provide documents responsive to Rite Aid's request.

Dkt. #40-2, p.23.

By letter dated October 13, 2017, defense counsel advised that the unemployment authorization did not comply with Department of Labor guidelines and enclosed, for the third time, the appropriate release. Dkt. #40-2, p.25. Defense counsel further advised that plaintiff had failed to provide authorizations for plaintiff's tax returns, workers' compensation records, medical records and psychotherapy. Dkt. #40-2, p.25. As to the authorizations provided, defense counsel informed plaintiff's attorney that these authorizations had not been requested by defendants and were wholly inappropriate. Dkt. #40-2, pp.25-26. Notwithstanding these deficiencies, defense counsel advised that he intended to take plaintiff's deposition as scheduled on October

20th, with a reservation of rights to recall plaintiff once plaintiff provided outstanding discovery. Dkt. #40-2, p.26.

By letter dated October 16, 2017, plaintiff's attorney cancelled plaintiff's deposition, advising "if you are not satisfied with the discovery, there is no sense going into the deposition saying you will need another one." Dkt. #40-2, p.28.

By letter dated October 23, 2017, plaintiff's attorney authorized defendants to "add" plaintiff's social security number to the unemployment authorization provided by plaintiff. Dkt. #51-2, p.26. Plaintiff's attorney declined to provide an authorization for workers' compensation as there was no such claim. Dkt. #51-2, p.26. Plaintiff's attorney also declined to provide blank health care authorizations. Dkt. #51-2, p.26. Plaintiff's attorney noted that she had provided defendants with plaintiff's "full tax returns." Dkt. #51-2, p.26.

By letter dated October 24, 2017, defense counsel advised that defendants "never requested, nor prepared, authorizations for the release of information from any employers, or prospective employers, of the Plaintiff, as mentioned in our letter dated October 13, 2017." Dkt. #51-2, p.29. Defendants also requested that plaintiff sign the unemployment authorization provided, which was the template for release of records provided by the New York State Department of Labor. Dkt. #51-2. p.29. Defendant requested that plaintiff execute the workers' compensation authorization so that defendants could verify the absence of any claim. Dkt. #51-2,

p.29. As to the authorization for medical and psychological records, defendants requested that plaintiff insert the name and address for relevant providers and execute authorizations for each such provider. Dkt. #51-2, pp.29-30.

The Amended Case Management Order set October 26, 2017 as the deadline for completing fact depositions. Dkt. #33.

On October 26, 2017, defendants' moved to extend the Case Management Order to file a motion to compel production of documents and to conduct plaintiff's deposition. Dkt. #40.

The Amended Case Management Order set November 23, 2017 as the deadline for plaintiff to identify expert witnesses. Dkt. #33.

As of January 3, 2018, defense counsel declares that defendants have not received authorizations, a privilege log, supplemental discovery responses or any response to the October 4, 2017 letter identifying deficiencies in plaintiff's discovery responses and that defendants have yet to take plaintiff's deposition. Dkt. #42-1, ¶ 15.

By Order entered January 23, 2018, the Court denied plaintiff's motion for reconsideration of its determination to quash plaintiff's Notice of Deposition of Rite Aid of New York, Inc. and granted Rite Aid Corporation's motion for a protective order. Dkt. #45. The Court granted plaintiff's motion for reconsideration of an award of attorney's

fees, but upon such reconsideration continued to find an award of attorney's fees appropriate "because of plaintiff's counsel's repeated refusal to particularize relevant deposition topics for the corporate defendants and failure to engage in a meaningful discussion with defense counsel about the topics which plaintiff sought deposition testimony, thereby necessitating the unnecessary expenditure of time and resources by both defense counsel and the Court." Dkt. #45, p.3. The Court directed plaintiff's attorney to pay defendants $4,387.50. Dkt. #45, p.5. Plaintiff filed a notice of appeal which was subsequently withdrawn. Dkt. ##46 & 50.

By letter dated April 9, 2018, defendants requested payment of $4,387.50 within 15 days. Dkt. #51-2, p.32.

By letter dated April 20, 2018, plaintiff's attorney responded that she did not believe her conduct warranted sanctions. Dkt. #51-2, p.34.

**DISCUSSION AND ANALYSIS**

**Plaintiff's Deposition**

Defendants seek an order directing plaintiff to submit to deposition. Dkt. #42-6, pp.12-13.

Plaintiff responds that she is "ready, willing, able and anxious to testify." Dkt. #47-17, p.10.

Plaintiff's deposition shall be completed within 60 days of the entry of this Decision and Order.

**Authorizations**

Defendants seek authorizations to obtain plaintiff's: (1) income tax returns from 2014 through 2016; (2) unemployment insurance records from October 27, 2015 through the present; (3) psycotherapy records; (4) medical records; and (5) workers' compensation records. Dkt. #42-6, p.13. Defendants argue that records regarding plaintiff's income, including her tax returns, and whether she received unemployment insurance or workers' compensation are relevant to plaintiff's damages. Dkt. #51, p.20.

<u>Income Tax Returns</u>

Plaintiff states that she has provided earnings records. Dkt. #47-17, p.1.

Tax returns are protected by a "qualified privilege." *Gattengno v. PriceWaterhouseCoopers, LLP*, 205 F.R.D. 70, 71 (D.Conn.2001). Accordingly, tax returns need not be disclosed unless: (1) it clearly appears that they are relevant to the subject matter of the action or to the issues raised thereunder; and (2) there is a compelling need for their disclosure because the information contained in the tax returns is not otherwise readily obtainable. *Id., quoting Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964); *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 238-239 (W.D.N.Y.1998).

Plaintiff's earnings subsequent to her employment with defendant are relevant to her claim of damages. However, disclosure of plaintiff's W-2 and Wage Statements are sufficient to enable defendants to assess plaintiff's earnings. Accordingly, to the extent that plaintiff has not already done so, she is hereby ordered to produce any and all W-2 Statements, or to the extent such statements are not available, an authorization for release of plaintiff's tax returns, from 2014 through the present, within 14 days of the filing of this Decision and Order.

### Unemployment Records

The amount and duration of unemployment benefits received by plaintiff is relevant to the calculation of plaintiff's damages. Accordingly, plaintiff shall execute the authorization for release of unemployment records provided by defendants, without alteration, within 14 days of the filing of this Decision and Order.

### Physical and Mental Health Records

Plaintiff's attorney declares that there is no medical claim. Dkt. #47-1, ¶ 25. Plaintiff's attorney explains:

> There is no need for medical in a claim if [sic] emotional damages, only for psychological damages. [sic] one need not go to the doctor for humiliation, shock, sadness, etc. These are recoverable damages and do not have a requirement for medical support, no matter how many letters defense sends asking for this over and over and ignoring the responses that there are no medical records.

Dkt. #47-17, p.12.

Defendants argue that they are entitled to medical records because plaintiff has claimed "emotional damages including embarassment, humiliation and emotional upset," as well as "emotional damages for humiliation, embarrassment, worry, and anxiety." Dkt. #51, p.19.

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In *Jaffe v. Redmond*, the United States Supreme Court "made clear that the federal courts are required to recognize that confidential communications between a licensed psychotherapist - including a licensed social worker engaged in psychotherapy - and his or her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Sims v. Blot*, 534 F.3d 117, (2d Cir. 2008), *citing* 518 U.S. 1, 15 (1996). The privilege is not forfeited when an opposing party raises plaintiff's mental state as an issue in the case. *Id.* at 134. However, the privilege will be waived when the plaintiff places her mental or emotional state at issue in the proceeding by seeking damages beyond "garden variety" claims of emotional distress. *Id.* at 140-41.

"In 'garden variety' emotional distress claims, the evidence of mental suffering is generally limited to the testimony of the plaintiff, who describes his or her injury in vague or conclusory terms, without relating either the severity or consequences of the injury." *Olsen v. County of Nassau*, 615 F. Supp.2d 35, 46 (E.D.N.Y. 2009); *See Sims*, 534 F.3d at 140-41 ("garden variety" claim is nothing more than emotional injury

"ordinarily associated with a conventional claim for pain and suffering"). A plaintiff may withdraw or formally abandon claims for emotional distress beyond the garden variety claim in order to avoid forfeiting his psychotherapist-patient privilege. *Sims,* 534 F.3d at 134.

Although it appears that plaintiff is not claiming emotional distress beyond that which would generally be expected from her allegations of discrimination, the Court makes clear that, to the extent that plaintiff intends to use mental health records as evidence of significant trauma or a diagnosable mental health condition caused by the allegations in her complaint, she cannot shield her mental health records, including her mental health history, from review by defendants. Accordingly, plaintiff shall either sign the authorization for release of medical records, including mental health records, within 14 days of the entry of this order or forfeit any claim to emotional distress damages beyond a claim for garden variety emotional distress.

Workers' Compensation Records

Plaintiff's attorney declares that there was no Workers' Compensation claim. Dkt. #47-1, ¶ 25.

Defendants argue that they should be entitled to determine from workers' compensation directly whether plaintiff filed a claim. Dkt. #51, p.19.

As any workers' compensation received by plaintiff would impact

calculation of her damages, plaintiff shall complete the authorization for workers' compensation records subsequent to her employment with Rite Aid of New York, Inc. within 14 days of the entry of this order.

**Privilege Log**

Defendants seek a privilege log with respect to documents and information being withheld on the grounds of privilege. Dkt. #42-6, p.14.

Plaintiff's attorney asserts that a privilege log "is not needed." Dkt. #47-17, p.12.

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The local rules of civil procedure further provide that any claim of privilege asserted in response to discovery demands shall identify the nature of the privilege (including work product) being claimed and shall provide the following information:

> (i) for documents: (a) the type of document, *i.e.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the

author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addresses, and recipients to each other;

(ii) for oral communications: (a) the names of the person making the communication and the person(s) present while the communication was made and, where not apparent, the relationship of the person making the communication to the person(s) present; (b) the date and place of communication; and (c) its general subject matter.

"Preparation of a privilege log is a critical step in discharging one's burden of establishing the existence of a privilege." *Breon v. Coca-Cola Bottling Co.*, 232 F.R.D. 49, 55 (D.Ct. 2005). "The privilege log is not simply a technicality," but an "essential tool which allows the parties and the court to make an intelligent decision as to whether a privilege or immunity exists." *Id.* "The standard for testing the adequacy of the privilege log is whether, as to each document, it sets forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation,* 274 F.R.D. 106, 112 (S.D.N.Y. 2011).

Plaintiff shall provide a privilege log that complies with these requirements within 14 days of the entry of this order or forfeit any claim of privilege.

**Interrogatories**

Defendants seek supplemental responses to interrogatories numbered 2, 3, 12 and 20. Dkt. #42-6, p.14.

Plaintiff's attorney responds that "all interrogatories were answered." Dkt. #47-17, p.12.

Interrogatory No. 2 seeks the identity of all individuals with whom plaintiff discussed any of the allegations within the complaint. Dkt. #47-9, p.4.

Plaintiff responded by objecting to the interrogatory as overly broad and calling for attorney work product and confidential information. Dkt. #47-9, p.4. Notwithstanding this objection, she advised that:

> Plaintiff requested several files from the NYS Board of Pharmacy Licensing in June 2016 of Supervising Pharmacists in Western New York and store and counter information. Plaintiff has discussed the matter with many employees and former employees and Plaintiff's counsel has discussed the case with many former employees, but objects to the further response as calling for attorney work product.

Dkt. #47-9, p.4.

The interrogatory requests the identity of all individuals with whom plaintiff herself discussed any of the allegations set forth in her complaint. Plaintiff shall respond to this interrogatory by identifying such individuals within 14 days of the entry of this order.

Interrogatory No. 3 seeks identification of any statements, documents, communications, or correspondence plaintiff received from any individual on the subject

matter of this action, including a description of the substance thereof, the date on which such was obtained and the individual from whom it was obtained. Dkt. #47-9, p.5.

Plaintiff objected to this demand as overly broad and calling for attorney work product. Dkt. #47-9, p.5. Plaintiff's memorandum of law concedes that "we took statements of the other pharmacists who were terminated or left due to the harassment." Dkt. #47-17, p.12.

Plaintiff shall respond to this interrogatory by identifying any statements, documents, communications or correspondence plaintiff herself received from any individual regarding the allegations set forth in her complaint, including a description of the substance thereof, the date on which such was obtained and the individual from whom it was obtained.

Interrogatory No. 12 seeks information regarding every occasion that plaintiff complained to defendants' human resources office, her supervisor or manager or other employees about alleged age discrimination. Dkt. #47-9, p.11.

Plaintiff responded that she complained to the Department of Human Rights. Dkt. #47-9, p.12.

The Court considers this response complete and, absent supplementation of this response within 14 days of the entry of this order will preclude plaintiff from

asserting that she made any complaint to defendants' human resources office, her supervisor or manager or other employees about alleged age discrimination.

Interrogatory No. 20 seeks identification of all documents plaintiff relied upon, referred to, or utilized in order to answer the interrogatories. Dkt. #47-9, p.20.

Plaintiff responded that the interrogatory was overly broad and called for attorney work product. Dkt. #47-9, p.20.

Plaintiff shall respond to this interrogatory by identifying any documents relied upon, referred to, or utilized in order to answer the interrogatories within 14 days of the entry of this order.

**Protective Order**

Plaintiff seeks a protective order against authorizations for release of records from pharmacies to which plaintiff applied for employment. Dkt. #47-1, ¶ 9.

Defendants respond that they have not requested authorization to obtain documents from places plaintiff applied for employment. Dkt. #51, p.18 & Dkt. #51-1, ¶ 3.

As there is no indication that defendants have actually requested the documents for which plaintiff seeks a protective order, this motion is denied as moot.

**Expert Affidavit**

Defendants note that plaintiff submitted an expert affidavit from Joseph Wilkowski, even though plaintiff never identified an expert witness. Dkt. #51, p.21.

By declaration filed 10 days after the deadline for filing replies, plaintiff's attorney attaches a copy of plaintiff's expert disclosure. Dkt. #52-1.

As it is this Court's practice that the Case Management Order is stayed pending resolution of a motion for discovery, the deadline for disclosure of plaintiff's expert witness had not passed as of this disclosure.

**Case Management Order**

Defendants oppose an extension of the Case Management Order beyond that which was requested in their motion because plaintiff has failed to demonstrate diligence in her attempt to complete discovery. Dkt. #51, pp.20-21. Specifically, defendants note that plaintiff has yet to serve a 30(b)(6) notice despite the Court's July 10, 2017 order. Dkt. #51, p.21 & Dkt. #51-1, ¶¶ 11-16.

Inasmuch as plaintiff failed to request extension of the Case Management Order prior to the expiration of the deadline for completion of fact discovery, and has failed to demonstrate good cause for her failure to complete fact discovery prior to the deadline, which had already been extended upon stipulation of the parties, fact discovery is closed except as directed in this order.

The remainder of the Case Management Order is extended as follows: (1) deadline for defendants' expert witnesses disclosure is July 27, 2018; (2) expert depositions shall be completed by August 31, 2018; and (3) dispositive motions are due by September 28, 2018.

**Attorney's Fees**

Defendants seek a deadline for plaintiff's counsel to satisfy the Court's Order directing her to pay attorneys' fees. Dkt. #51-1, ¶ 16.

Plaintiff's counsel shall pay defendants $4,387.50 within 14 days of the entry of this Decision and Order.

**Sanctions**

Defendants seek further sanctions based upon plaintiff's frivolous request for a protective order, failure to appear at her deposition, and refusal to comply with the Court's sanction order. Dkt. #51-1, ¶ 23.

The Court does not find an additional award of sanctions are warranted.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for an extension of time to complete discovery and to compel (Dkt. #40 & Dkt. #43), is granted as set forth above,

and plaintiff's motion for an extension of time to complete fact discovery, to compel and for a protective order (Dkt. #47), is denied.

**SO ORDERED.**

DATED:    Buffalo, New York
         June 18, 2018

                                   s/ H. Kenneth Schroeder, Jr.
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**