UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUSAN HENDERSON,

                        **Plaintiff,**

v.                                                         16-CV-785V(Sr)

RITE AID OF NEW YORK, INC.,
RITE AID CORPORATION,
TIM MATTHEWS, and
DAVID SEELMAN,

                        **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #13.

Plaintiff commenced this action seeking damages for a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 *et seq*. ("ADEA"), and New York Executive Law § 290 *et seq*. ("Human Rights Law"), alleging that she was wrongfully terminated from her employment with defendant Rite Aid of New York, Inc. Dkt. #1. Rite Aid Corporation is named in the complaint as the "parent corporation" of Rite Aid of New York, Inc. Dkt. #1.

Currently before the Court is defendant Rite Aid Corporation's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #42. Defendants argue that plaintiff has failed to state a claim because she has not pled any

factual allegations to suggest that Rite Aid Corporation was her employer or was in any way involved in, let alone controlled, the employment practices of her employer, Rite Aid of New York, Inc., so as to render Rite Aid Corporation liable for the alleged discrimination.  Dkt. #42-6, p.12.

Plaintiff argues that Rite Aid Corporation set the rules and made the decisions related to the termination of older pharmacists throughout the company.  Dkt. #47-17, p.2.

Defendants reply that the complaint fails to allege a single factual statement in support of its allegation that Rite Aid Corporation was involved in the decision to terminate plaintiff's employment.  Dkt. #51, p.9.  Defendants note that Rite Aid Corporation's status as "the parent company" is insufficient to state a claim.  Dkt. #51, p.11.

Although brought as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, where, as here, the motion is filed after the filing of an answer, the Court simply treats it as a motion for judgment on the pleadings pursuant to Rule 12(c). *National Ass'n of Pharm. Mfrs., Inc. v. Auerst Labs.*, 850 F.2d 904, 909 n.2 (2d Cir. 1988).  The standard for resolving a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"The single employer doctrine is an exception to the doctrine of limited liability, which allows corporations to organize so as to isolate liabilities among separate entities." *Murray v. Miner*, 74 F.3d 402, 405 (2d Cir. 1996). "Under the single employer doctrine, four factors determine whether two entities will be regarded as a single employer subject to joint liability for employment-related acts . . . (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership." *Id.; See also Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995) No one factor is determinative and all four factors are not required, but control of labor relations is the central concern. *Id.* "The rationale for the exception is the fairness of imposing responsibility on an entity that shares decisionmaking authority with the employing entity. *Id.*

Plaintiff's complaint does not make any factual allegation of involvement by Rite Aid Corporation in the affairs of Rite Aid of New York, Inc. generally or the

-3-

decision to terminate plaintiff specifically.  As a result, the Court finds plaintiff's complaint fails to plausibly allege sufficient facts to state a claim for relief against Rite Aid Corporation.  Therefore, it is recommended that the motion to dismiss Rite Aid Corporation (Dkt. #42), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v.*

*Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:   Buffalo, New York
         June 18, 2018

   <u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**