UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SUSAN HENDERSON,

                            **Plaintiff,**

v.                                                      16-CV-785V(Sr)

**RITE AID OF NEW YORK, INC.,**
**RITE AID CORPORATION,**
**TIM MATTHEWS, and**
**DAVID SEELMAN,**

                            **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #13.

Plaintiff commenced this action seeking damages for a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 *et seq*. ("ADEA"), and New York Executive Law § 290 *et seq*. ("Human Rights Law"), alleging that she was wrongfully terminated from her employment with defendant Rite Aid of New York, Inc. Dkt. #1. Rite Aid Corporation is named in the complaint as the "parent corporation" of Rite Aid of New York, Inc. Dkt. #1.

Currently before the Court is plaintiff's motion to amend the complaint to add Rite Aid Hdqrts. Corp. as a defendant in this action. Dkt. #47.

**FACTUAL BACKGROUND**

On January 25, 2017, plaintiff served Notices of Deposition on Rite Aid Corporation and Rite Aid of New York, Inc., seeking to depose a representative "with respect to all matters relevant to the subject matter involved in this action." Dkt. #26-2, pp.26 & 29.

By letter dated February 28, 2017, defense counsel advised plaintiff's attorney that Rite Aid Corporation had no employees. Dkt. #26-2, p.42.

The Case Management Order set March 3, 2017 as the deadline for amending the complaint or adding parties. Dkt. #16.

By letter dated March 17, 2017, defense counsel reiterated that Rite Aid Corporation had no employees. Dkt. #26-2, p.46.

By letter dated April 6, 2017, defense counsel reiterated that

> as previously informed, there are no employees of Rite Aid Corporation ("RAC"), thus there is no one to produce for a deposition. Moreover, RAC has no involvement with respect to your client's employment. I am attaching a copy of an Affidavit filed in another matter addressing the same issue.

Dkt. #26-2, p.51. The affidavit, from Susan Lowell, Vice President of the Tax Department of Rite Aid Hdqrts. Corp., affirms that Rite Aid Corporation "is a holding company organized in the State of Delaware," which "has no employees in any state." Dkt. #26-2, p.53. Defense counsel also advised that the deposition notice of Rite Aid

New York, Inc.

> fails to comply with the Federal Rules in that it does not specify the following: Rule 30(b)(6) requires that any notice directed to an organization "must describe with reasonable particularity the matters for examination." We are unable to designate any person to testify on their behalf without this information. However, as mentioned above, if you would like the HR representative who recommended termination, Amy Clark, she is available on May 31st for deposition. If you would like us to produce Amy Clark to testify about the termination and human resources policies, please revise your Notice of [D]eposition accordingly, or confirm in writing the scope of the deposition. If there are other areas for which you would like a witness produced, please let us know.

Dkt. #26-2, p.51.

By letter dated May 11, 2017, defense counsel advised that Ms. Clark would be made available for deposition subject to correction of plaintiff's 30(b)(6) deposition notice of Rite Aid of New York, Inc. Dkt. #26-2, p.58.

By letter dated June 1, 2017, defense counsel reiterated Ms. Clark's availability subject to correction of plaintiff's deposition notice, advising, "[w]e are willing to produce Ms. Clark as the HR representative; however, you still need to confirm that she is sufficient as the representative, as well as the subject of her testimony." Dkt. #26-2, p.60.

On June 5, 2017, Rite Aid Corporation filed a motion to quash the deposition notice because "it has no unique personal knowledge that is relevant to

Plaintiff's individual claims of discrimination" and plaintiff offered "no specific allegations in the Complaint against RAC and she fails to describe even the topics for deposition." Dkt. #26-4, pp.6-7. In support of the motion, Susan Lowell, Vice President of the Tax Department of Rite Aid Hdqrts. Corp. affirmed that:

> 4. Rite Aid Corporation ("RAC") is incorporated in Delaware, and maintains its principal place of business in Harrisburg, Pennsylvania. Rite Aid Corporation is a holding company for various Rite Aid-related entities. It has no employees nor does it promulgate employment policies.
>
> 5. Plaintiff was employed by Defendant Rite Aid of New York, Inc. at all times throughout the course of her employment.
>
> 6. RAC has no employees in any state and is not related to Plaintiff's employment in any way. Rite Aid Corporation does not issue personnel policies nor does it exercise any domination or control of Rite Aid of New York, Inc. Further, because RAC has no employees, it could not exercise any supervisory responsibility over Plaintiff's work or any influence over her terms or conditions of employment.

Dkt. #26-3.

By Decision and Order entered July 10, 2017, the Court quashed the deposition notices "without prejudice to service of a sufficiently particularized notice of deposition upon Rite Aid Corporation of New York, Inc." Dkt. #32, p.6.

By letter dated September 25, 2017, defense counsel advised that Ms. Clark was available for deposition on October 3rd, provided that plaintiff provided the revised Rule 30(b)(6) deposition notice. Dkt. #40-2, p.10.

By letter dated October 4, 2017, defense counsel advised that the deposition of Amy Clark would not be rescheduled because plaintiff's counsel declined to go forward with her deposition on October 3, 2017, despite their agreement and Ms. Clark's availability. Dkt. #40-2, pp.17-18. More specifically, defense counsel advised:

> Our position is that we had Amy Clark available for her deposition on Tuesday, October 3rd after our prior conversations with your office. Additionally, you had informed us that you would revise your 30(b)(6) notices as far back as September 15th and we made such representation to the Court. To date, we have no revised deposition notice. As we have discussed multiple times, Ms. Clark is the HR Manager that recommended termination. To be clear on the issue, we will be serving a revised interrogatory response on that issue. Despite informing you that she recommended termination, you advised us that you did not want to go forward with her scheduled deposition. I informed you that if you still had questions regarding corporate structure, you could always issue a supplemental interrogatory request for us to respond to since, as we informed the Court, Rite Aid Corporation has no employees.

Dkt. #40-2, pp.17-18.

By letter dated October 17, 2017, defense counsel provided plaintiff with an amended interrogatory response, noting:

> As we have discussed on numerous occasions, Ms. Clark was the party that recommended termination of Ms. Henderson. She is employed by Rite Aid Hdqrts. Corp.
>
> As we have discussed many times, Rite Aid Corporation has no employees and had no involvement with respect to your client.

Dkt. #40-2, p.30. The amended interrogatory response, verified by Amy Clark, Human Resources District Manager at Rite Aid Hdqrts Corp., provides that

-5-

> Amy Clark made the decision to terminate Ms. Henderson for a legitimate business reason, namely a violation of the company's fraud policy, after a full investigation was completed. The investigation into the conduct commenced as a result of an anonymous complaint. As part of routine company policy, after termination was recommended, that recommendation was reviewed and approved by Matthew Cesare, the Senior Associate Advocacy Manager ("SAAM"). Plaintiff herself drafted and executed a statement wherein she admitted that she violated policy by instructing an employee to complete a Computer Based Program on her behalf. . . .
>
> Amy Clark is, and Matthew Cesare, [sic] was employed by Rite Aid Hdqrts Corp.

Dkt. #42-4, pp.3 & 5.

The Amended Case Management Order set October 26, 2017 as the deadline for completing fact depositions. Dkt. #33.

By Order entered January 23, 2018, the Court denied plaintiff's motion for reconsideration of the determination to quash plaintiff's Notice of Deposition of Rite Aid of New York, Inc. and grant Rite Aid Corporation a protective order, stating:

> To the extent that plaintiff disbelieves defendants' affirmation that Rite Aid Corporation has no employees to submit to deposition, the Court afforded plaintiff the ability to serve a sufficiently particularized deposition notice upon Rite Aid Corporation of New York, Inc. to depose someone with knowledge of the corporate structure of the Rite Aid entities. Dkt. #32, p.6. Moreover, defendants repeatedly offered the deposition testimony of Amy Clark, Human Resources District Manager at Rite Aid Hdqrts. Corp., who recommended plaintiff's termination. Dkt. #26-2, pp. 51, 58 & 60.

Dkt. #45, p.3.

Plaintiff moved to amend the complaint to add Rite Aid Hdqrts. Corp. as a defendant in this action on March 29, 2018. Dkt. #47. Plaintiff's proposed amended complaint adds Rite Aid Hdqrts. Corp., as a defendant and identifies Rite Aid Hdqrts. Corp. as a Delaware Corporation with a principal place of business in Pennsylvania. Dkt. #47-12, ¶ 6. Aside from these two references, the proposed amended complaint makes no specific factual assertions regarding Rite Aid Hdqrts. Corp.

## DISCUSSION AND ANALYSIS

### Timing

Defendants argue that the deadline to amend the complaint expired on March 3, 2017 and plaintiff has not demonstrated good cause to permit this late amendment. Dkt. #51, pp.14-15. Defendants note that plaintiff was provided with the affidavit of Susan Lowell in April of 2017. Dkt. #51, p.16.

Fed.R.Civ.P 16(b) requires that the district court enter a scheduling order setting deadlines for, *inter alia*, amendment of pleadings and completion of discovery. The scheduling order cannot not be modified except by leave of the district court upon a showing of good cause. Fed.R.Civ.P 16(b). "[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus*, 204 F.3d 326, 339-340 (2d Cir. 2000) (internal citation omitted). Accordingly, "a person seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b)." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

"'Good cause' means that scheduling deadlines cannot be met despite a party's diligence." *Carnrite v. Granada Hosp. Group, Inc*., 175 F.R.D. 439, 446 (W.D.N.Y. 1997); *see Parker*, 204 F.3d at 340 ("finding of 'good cause' depends on the diligence of the moving party."); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Good cause can be established when a party does not discover a basis to amend the pleadings or add parties until the scheduling order's deadline to do so has passed. *See Deghand v. Wal-Mart Stores*, 904 F.Supp 1218 (D. Kansas 1995) (good cause established where defendant did not supplement its disclosure under Rule 26 to reveal letter suggesting defamation of plaintiff until the deadline for moving to amend the pleadings or add parties had passed).

Disclosure of the fact that the employee who recommended plaintiff's termination was employed by Rite Aid Hdqrts. Corp. after the deadline for amending the complaint would excuse compliance with that deadline. However, plaintiff has not provided any explanation, let alone demonstrated good cause for waiting more than five months from discovery of this information to file the motion to amend the complaint.

**Standard for Amendment**

Fed. R. Civ. P. 21 provides that "the court may at any time, on just terms, add . . . a party." Fed. R. Civ. P. 15(a) provides that a party may amend a pleading with the opposing party's written consent or the court's leave, which is to be given freely when justice so requires. Leave to amend should be granted unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will

be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"The single employer doctrine is an exception to the doctrine of limited liability, which allows corporations to organize so as to isolate liabilities among separate entities." *Murray v. Miner*, 74 F.3d 402, 405 (2d Cir. 1996). "Under the single employer doctrine, four factors determine whether two entities will be regarded as a single employer subject to joint liability for employment-related acts . . . (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership." *Id.; See also Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995) No one factor is determinative and all four factors are not

required, but control of labor relations is the central concern. *Id.* "The rationale for the exception is the fairness of imposing responsibility on an entity that shares decisionmaking authority with the employing entity." *Id.*

Defendants argue that the proposed amended complaint fails to state any factual allegations against Rite Aid Hdqrts. Corp. Dkt. #51, p.16.

Despite the information provided by defendants during discovery, plaintiff's proposed amended complaint does not make any factual allegation of involvement by Rite Aid Hdqrts. Corp. in the affairs of Rite Aid of New York, Inc. generally or the decision to terminate plaintiff specifically. Dkt. #47-12. As a result, the Court finds plaintiff's proposed amended complaint fails to plausibly allege sufficient facts to state a claim for relief against Rite Aid Hdqrts. Corp. The Court notes that despite her employment by Rite Aid Hdqrts. Corp., Ms. Clark was proffered as a 30(b)(6) representative of plaintiff's employer, defendant Rite Aid of New York, Inc.

Plaintiff's motion to amend the complaint (Dkt. #47), is denied.

**SO ORDERED.**

DATED:  Buffalo, New York
        June 18, 2018

                     s/ H. Kenneth Schroeder, Jr.
                     **H. KENNETH SCHROEDER, JR.**
                     **United States Magistrate Judge**