**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SUSAN HENDERSON,**

                              **Plaintiff,**

**v.**

                                                    **16-CV-785V(Sr)**

**RITE AID OF NEW YORK, INC.,**
**RITE AID CORPORATION,**
**TIM MATTHEWS, and**
**DAVID SEELMAN,**

                    **Defendants.**

---

## <u>REPORT, RECOMMENDATION AND ORDER</u>

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters.  Dkt. #13.

Plaintiff, represented by counsel, commenced this action seeking damages for a violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 *et seq*. ("ADEA"), and New York Executive Law § 290 *et seq*. ("Human Rights Law"), alleging that she was wrongfully terminated from her employment with defendant Rite Aid of New York, Inc. ("Rite Aid"). Dkt. #1.  Rite Aid Corporation was dismissed from this action by Order of the Court entered August 8, 2018.  Dkt. #57.

Currently before the Court is defendants' motion for summary judgment. Dkt. #58. For the following reasons, it is recommended that the motion be granted.

**FACTS**

Plaintiff was hired by Rite Aid in 2002 at the age of 44. Dkt. #58-4, ¶ 6.

On August 31, 2015, an anonymous complaint was made by telephone to the Rite Aid Ethics Hotline. Dkt. #58-4, p.38. As relevant to the instant proceedings, the complaint alleged that, on August 31, 2015, Susan Henderson "signed in and had Darlene Chaffe[e], cashier, complete her computer-based training [("CBT")] because she was busy." Dkt. #58-4, p.38.

Timothy Matthews, Asset Protection District Manager, interviewed Darlene Chafee. Dkt. #58-4, p.40. Ms. Chaffee provided the following written statement, dated October 5, 2015, to Mr. Matthews:

> I remember at one point during a CBT for my boss Susan Henderson while working with her and Maryanne. The pharmacy was really busy and she asked me to do it for her. Because I was fairly new I did it. I felt I need [sic] to do as my boss tells me. I remember having the thought that it was wrong, but I was to[o] afraid to say anything because the tension is always so high in the pharmacy. There has been times when new people get screamed at just for trying to learn the new job. I did not want to refuse what she asked of me. Being a new employee, I wanted to please her.

Dkt. #58-4, p.44.

Mr. Matthews also interviewed plaintiff. Dkt. #58-4, p.40.  Plaintiff provided the following written statement, dated October 12, 2015, to Mr. Matthews:

> I had asked a co-worker to push the enter button through on a CBT that I had heard already throughout the pharmacy

> while others were taking it. So I asked her to keep pushing
> the enter button. I was very very busy, as a lead Tech had
> left for another job and we had not replaced her yet. I take
> on a lot of responsibility and go above and beyond my job
> description, we are trying so hard to keep the accuracy,
> productivity, customer satisfaction and employee
> satisfaction. I will never do this again, it was extenuating
> circumstances, I am very sorry.

Dkt. #58-4, p.46.

Rite Aid determined that allowing another associate to complete a CBT is

a direct violation of Rite Aid's Fraud Policy, which includes "[f]alsification of records,

including but not limited to employment applications, training documentation and/or

management or personnel records." Dkt. #58-4, pp.28 & 41.

Amy Clark, Human Resources District Leader for Rite Aid Headquarters,

Inc., declares that she made the decision to terminate plaintiff's employment in

accordance with Rite Aid's Fraud Policy based upon plaintiff's admission that she asked

a subordinate employee to assist her with CBT. Dkt. #58-4, ¶ 20.

Matthew Cesare concurred with the recommendation to terminate

plaintiff's employment. Dkt. #58-4, p.41.

Plaintiff was terminated by the District Manager, David Seelman, on

October 27, 2015. Dkt. #58-4, ¶ 25.

Plaintiff filed a verified complaint with the New York State Division of Human Rights ("NYSDHR"), on January 15, 2016, alleging that Rite Aid of New York, Inc., subjected pharmacists over the age of 40 to differential treatment. Dkt. #58-3, p.8. The Equal Employment Opportunity Commission ("EEOC"), accepted the charge under the Age Discrimination in Employment Act of 1967 ("ADEA"). Dkt. #58-3, p.13. On May 5, 2016, the NYSDHR dismissed plaintiff's verified complaint for administrative convenience. Dkt. #58-3, p.15.

Plaintiff does not challenge the fact that she asked another employee to hit the button on the computer to advance the training program, but does not understand why she was terminated for a practice that was commonplace, *to wit*, having the person closest to the computer playing the training hit the button to advance the program forward while the person taking the training listened as she worked. Dkt. #60-2, p.32-34 & 58. Plaintiff emphasizes that employees were expected to continue their work as they listened to the training on a computer in a common area and that, as a result, she often heard the same training multiple times as other employees were working while the training was playing on the computer. Dkt. #60-2, p.32-34. Plaintiff testified at her deposition that it "does not make sense" that Rite Aid doesn't

> fire people if they don't show up for their shift because they're in jail for hitting a cop, they don't fire people for sleeping on the job, they don't fire people for playing video games on their phone at work but they fire somebody for working as a team, working efficiently, taking care of the customers, doing what they're told, like continue to work while you're doing your CBT's; they fire somebody for that.

Dkt. #60-2, p.38. Plaintiff is unaware of anyone else who was terminated for the same reason she was fired, even though the practice was commonplace. Dkt. #60-2, p.59.

A Dismissal and Notice of Suit Rights was issued on August 5, 2016. Dkt. #60-7. Plaintiff commenced this action on September 30, 2016. Dkt. #1.

## DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with

enough evidence to support a jury verdict in its favor, and the motion will not be
defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of
conjecture or surmise."  *Bryant*, 923 F.2d at 982 (internal citations omitted).  A party
seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and
> invoke the appropriate statute. The [party] must also show,
> by affidavits or as otherwise provided in Rule 56 of the
> Federal Rules of Civil Procedure, that there are specific
> factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).


**ADEA**

Defendants argue that plaintiff cannot proffer any evidence that age was
the but-for cause of the decision to terminate her employment. Dkt. #58-2, p.17.
Defendants argue that plaintiff was over age 40 when she was hired and that her
termination was the result of a legitimate and non-discriminatory determination of a
violation of Rite Aid's policies following an investigation into a complaint from another
employee in which plaintiff admitted to the conduct alleged. Dkt. #58-2, pp.17-22. Tim
Matthews and David Seelman also argue that the ADEA does not recognize personal
liability for age discrimination and that New York's Human Rights Law does not
recognize individual liability under the circumstances of this case. Dkt. #58-2, pp.30-31.


Plaintiff responds that she has proffered sufficient evidence that Rite Aid
engaged in a practice of terminating or otherwise engaging in disparate treatment of
pharmacists based upon their age. Dkt. #61, pp.22-23.  In support of this argument,

plaintiff declares that she researched the pharmacists in Rite Aid stores, determining that 91 of 142 supervising pharmacists at Rite Aid stores in Western New York in 2016 were under the age of 40. Dkt. #60-1, ¶ 7. Of the 51 supervising pharmacists older than 40, plaintiff declares that she found, through her investigation, that 23 left Rite Aid due to harassment or were fired. Dkt. #60-1, ¶ 10. She further declares that the District Manager identified 5 additional pharmacists who were terminated after April of 2016. Dkt. #60-1, ¶ 11. Plaintiff also identified 5 pharmacists who engaged in inappropriate behavior but were not terminated. Dkt. #60-1, ¶ 16. Based upon the information provided by plaintiff, Joseph Wilkowski, who holds a Ph.D. in mathematics, declares that "there is a statistically significant difference between the firing rates of pharmacists under 40 and the firing rates of pharmacists over 40." Dkt. #60-4, ¶ 15.

Defendants argue that plaintiff's pharmacist information is not reliable and is not admissible evidence. Dkt. #58-2, p.29.

The ADEA forbids employers from discharging employees over the age of 40 because of the employees age. 29 U.S.C. §§ 623(a)(1) & 631(a). Claims of employment discrimination under the ADEA continue to be analyzed pursuant to the well-recognized burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 106 (2d Cir. 2010) (deciding to continue applying the burden-shifting framework of *McDonnell Douglas* given that, in *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 174 (2009), the Supreme Court simply noted that it had not definitively decided whether that framework was appropriate in the ADEA context).

To establish a *prima facie* case of age discrimination, a plaintiff must allege facts to plausibly suggest that: (1) she was within the protected age group; (2) she was qualified for the position; (3) she experienced adverse employment action; and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Green v. Town of East Haven*, 952 F.3d 394, 403 (2d Cir. 2020), *quoting Gorzynski,* 596 F.3d 93, 105 n.6. The plaintiff's burden at this stage is *de minimis*. *Carlton v. Mystic Transp., Inc*., 202 F.3d 129, 134 (2d Cir. 2000). Once a *prima facie* case is presented, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason" for its adverse employment action. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

If the defendant proffers such a reason, the presumption of discrimination disappears and the burden of proof shifts back to the plaintiff to come forward with evidence that the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination and that age was the but-for cause of the adverse action. *Leiner v. Fresenius Kabi USA, LLC*, 14-CV-979, 2019 WL 5683003, at *7 (W.D.N.Y. Nov. 1, 2019). Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor for an adverse employment decision. *Gross,* 557 U.S. at 174. Rather, under the plain language of the ADEA, to establish a disparate treatment claim, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision. *Id.* at 176. This standard does not require that age was the employers only consideration, but does require evidence that the adverse employment action wold not have occurred without consideration of

plaintiff's age. *Delaney v. Bank of America Corp.*, 766 F.3d 163, 169 (2d Cir. 2014). The Court of Appeals has assumed, without deciding, that "but-for" causation is also required to support a claim under the NYSHRL. *Boonmalert v. City of New York, 721 Fed. App'x 29,* 32 (2d Cir. 2018), *citing Gorzynski,* 596 F.3d at 105 n.6.

Where, as here, the defendant has articulated a legitimate, nondiscriminatory reason for the adverse employment action, the Court may assume that the plaintiff has established a *prima facie* case and proceed directly to analysis of whether age was the but-for cause of the adverse employment action. *Attard v. City of New York*, 451 Fed. App'x 21, 23 (2d Cir. 2011). In the instant case, Rite Aid has satisfied its burden to articulate a legitimate, nondiscriminatory reason for plaintiff's termination, *to wit*, plaintiff's direction that a co-worker advance a computer based training program that plaintiff was required to complete. Courts have uniformly held that falsification of records is a legitimate, non-discriminatory reason for termination. *Leiner*, 2019 WL 5683003, at *7; *Cai v. Wyeth Pharm., Inc.,* No. 09 Civ 5333, 2012 WL 933668, at *9 (S.D.N.Y. March 19, 2012). Plaintiff does not dispute that she asked a co-worker "to push the enter button through on a CBT." Dkt. #58-4, p. 46. While plaintiff disagrees as to whether her conduct justifies her termination, such a dispute does not create an issue of fact as to the veracity of defendant's reason for terminating plaintiff's employment. *See Leiner*, 2019 WL 5683003, at *8. Whether or not such action is objectively worthy of termination is "a business judgment not subject to judicial second-guessing." *Leiner*, 2019 WL 5683003, at *9.  Thus, plaintiff's investigation, and subsequent termination, cannot be considered a pretext for discrimination. *See*

*Bahnsen v. Town of Brookhaven*, CV 17-4545, 2019 WL 7475951, at *11 (E.D.N.Y. Dec. 16, 2019).

While more favorable treatment of employees outside of plaintiff's protected group could provide evidence of discrimination, plaintiff has failed to identify any individual outside of her protected class who engaged in similar behavior and was treated differently. *See Kho v. New York & Presbyterian Hosp*., 344 F. Supp.3d 705, 721 (S.D.N.Y. 2018) (lack of evidence that a similarly situated employee who did not belong to plaintiff's protected class was treated differently insufficient to evince discriminatory intent). Plaintiff's subjective assessment of misconduct by supervising pharmacists outside of her protected age group who were not terminated fails to establish that "identifiable, valid comparators were treated in a meaningfully different manner" than plaintiff. *Mattera v. JPMorgan Chase Corp*., 740 F. Supp.2d 561, 575 (S.D.N.Y. 2010). Moreover, plaintiff's proffer of supervising pharmacists over the age of 40 who were harassed and/or fired without warning lacks sufficient evidentiary foundation and appears to be based upon anecdotal observations rather than reliable data. *Zahorik v. Cornell University*, 729 F.2d 85, 95 (2d Cir. 1984). As plaintiff has failed to sustain her burden of raising a question of fact as to whether age-related animus was the but-for cause of defendant's decision to terminate plaintiff, it is recommended that the motion for summary judgment be granted.

In as much as "the ADEA precludes individual liability," it is recommended that the motion for summary judgment be granted as to Tim Mathews and David

Seelman on this alternate ground as well. *Cherry v. Toussaint*, 50 Fed. App'x 476, 477 (2d Cir. 2002); *See Guerra v. Jones*, 421 Fed. App'x 15, 17 (2d Cir. 2011) (ADEA does not subject individuals, even those with supervisory liability over the plaintiff, to personal liability).

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendants' motion for summary judgment (Dkt. #58), be **GRANTED**.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

-11-

<u>Failure to file objections within the specified time or to request an</u> <u>extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:     Buffalo, New York
           April 23, 2020

                          **s/ H. Kenneth Schroeder, Jr.**
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**

-12-