UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAN HENDERSON,

        Plaintiff,

    v.                                       16-CV-0785-HKS
                                                 DECISION & ORDER
RITE AID CORPORATION OF NEW
YORK, INC., *et al.*,

        Defendants.

---

On September 30, 2016, the plaintiff commenced this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law §§ 290-301. Docket Item 1. On December 2, 2016, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 13.

On September 28, 2018, the defendants, Rite Aid Pharmacy Corporation of New York, Inc. ("Rite Aid"), Tim Matthews, and David Seelman, moved for summary judgment, Docket Item 58; on October 26, 2018, the plaintiff responded, Docket Item 61; and on November 14, 2018, the defendants replied, Docket Item 65. On April 23, 2020, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted. Docket Item 70.

On May 13, 2020, Henderson objected to the R&R, Docket Item 71; on June 4, 2020, the defendants responded to the objection, Docket Item 73; and on June 18, 2020, Henderson replied, Docket Item 74.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Schroeder. Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendants' motion.

## **DISCUSSION**

The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1, and Judge Schroeder's analysis in the R&R, *see* Docket Item 70.

Henderson argues that Judge Schroeder incorrectly resolved certain factual disputes in the defendants' favor. *See* Docket Item 71 at 1. More specifically, she argues that the defendants' proffered reason for terminating her employment—misconduct in the course of completing required training—is pretextual based on statistical evidence showing that Rite Aid terminated older employees at a significantly higher rate than younger employees. *Id.* at 3-4. In other words, she argues that the statistical evidence is so compelling that notwithstanding her admitted misconduct, there is a question of fact as to whether that misconduct was the real reason she was fired.

"[T]he burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies to claims brought under the ADEA." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167-68 (2d Cir. 2014) (citing *Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 106 (2d Cir.2010)). Under that

2

framework, "the plaintiff must first establish a *prima facie* case by showing membership in a protected class, qualification for the position, an adverse employment action, and circumstances that give at least minimal support to an inference of discrimination." *Fagan v. N.Y.S. Elec. & Gas Corp.*, 186 F.3d 127, 132 (2d Cir. 1999) (citations omitted).[1]  "Establishment of a *prima facie* case [then] obliges the employer to offer a legitimate, nondiscriminatory reason for its employment decision."  *Id.* (citation omitted). "If the employer articulates this nondiscriminatory reason," the burden shifts back to the plaintiff to "show that the proffered reason was a pretext for age discrimination."  *Id.* (citations omitted).

Here, Judge Schroeder "assumed that [Henderson] ha[d] established a *prima facie* case"; found that the defendants had "satisfied [their] burden to articulate a legitimate, nondiscriminatory reason for [Henderson's] termination, *to wit*, [her] direction that a co-worker advance a computer based training program that [Henderson] was required to complete"; and concluded that Henderson's statistical evidence did not suffice to show that the defendants' proffered reason was pretextual.  Docket Item 70 at 9-10.  With respect to the final step, Judge Schroeder specifically found that, in the end, Henderson had "failed to identify any individual outside of her protected class who engaged in similar behavior and was treated differently," instead offering only "anecdotal observations" of such disparate treatment.  *Id.* at 10.

The Court agrees with Judge Schroeder's analysis.  As the United States Court of Appeals for the Sixth Circuit has explained, "[a]ppropriate statistical data showing an

---

[1] "[T]he New York Human Rights Law statute mirrors the requirements of the ADEA."  *Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66 n.2, 71 (2d Cir. 2004).

3

employer's pattern of conduct toward a protected class as a group can, if unrebutted, create an *inference* that a defendant discriminated against individual members of the class."  *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1466 (6th Cir. 1990) (emphasis added). But "statistics indicat[ing] a disproportionate discharge rate for a protected group"— precisely and only what Henderson offers—do not suffice, on their own, to show that a defendant's proffered reason is pretextual.  *Id.* at 1468.  That is so because "there are three possible explanations for [such] discrepanc[ies]:  the operation of legitimate selection criteria, chance, or the defendant's [illegitimate] bias"; "statistics . . . cannot determine whether the more likely cause [was] . . . bias or . . . selection criterion."  *Id.* at 1468-69 (citations omitted).

Stated differently, although Henderson's statistical evidence sufficed at the first step of the *McDonnel-Douglas* framework, it does not—standing alone—suffice at the third.  Rather, to meet her burden once the defendants proffered a nondiscriminatory reason for her termination, Henderson was required to produce more—either "statistics . . . tend[ing] to establish that age played a factor in [her] *particular* [termination] decision" or "other direct or circumstantial evidence suggesting that the proffered reasons are not true."  *Id.* at 1469 (emphasis in original).  Henderson has not done so, instead merely asserting, without evidentiary support, that other older employees also were harassed and unfairly discharged.

What is more, Henderson admitted the misconduct that the defendants proffered as the reason she was fired.  When confronted with evidence that she had one of her subordinates complete a training program for her, Henderson explained that there were "extenuating circumstances," apologized, and promised to "never do this again."  *See*

4

Docket Item 58-4 at 46; Docket Item 70 at 3.  As Judge Schroeder noted, Henderson argues that the misconduct was far less serious than misconduct that the defendants regularly overlooked, but such business judgments should not be subjected to "judicial second-guessing."  See Docket Item 70 at 9 (quoting *Leiner v. Fresenius Kabi USA, LLC*, 14-CV-979S, 2019 WL 5683003, at *9 (W.D.N.Y.  Nov. 1, 2019)).

For all those reasons, this Court accepts Judge Schroeder's recommendation; for those same reasons and the reasons in the R&R, Henderson's claims are dismissed.

## CONCLUSION

For the reasons stated above and in the R&R, the defendants' motion for summary judgment, Docket Item 58, is GRANTED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court shall close the file.


SO ORDERED.

Dated:	October 9, 2020
	Buffalo, New York


			 */s/ Lawrence J. Vilardo*
			LAWRENCE J. VILARDO
			UNITED STATES DISTRICT JUDGE